302

## SIMMONS v. UNITED STATES.
### No. 2320.

District Court, W. D. Kentucky, at Louisville.

April 1, 1940.

Claude Hudgins, of Louisville, Ky., for plaintiff.

James Garnett, Jr., Asst. U. S. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

Plaintiff seeks to recover the value of his land alleged by him to have been taken by the United States by reason of its being flooded as a consequence of the construction by the United States of Dam No. 43 across the Ohio River below West Point, Ky. Plaintiff's land is on Salt River which empties into the Ohio River at West Point, Ky. The action was tried without a jury. At the close of the plaintiff's evidence the Government made a motion for judgment on the pleadings and evidence offered by the plaintiff. The motion raises the question as to whether or not a cause of action exists against the Government in a suit brought under the Tucker Act (Title 28, Sect. 41, Subsection 20, U.S.C.A.) for flood damage to real estate resulting from authorized improvements by the Government in navigable streams. The petition makes no claim of negligence on the part of the Government, but claims that the flooding of plaintiff's land was a taking of his property without due process of law, and unless compensated therefor was in violation of the Fifth Amendment of the Constitution of the United States. Both plaintiff and defendant rely upon numerous decisions of the Supreme Court of the United States, which are at least in apparent conflict, if not actually so. In support of his cause of action the plaintiff relies principally upon the decisions in Pumpelly v. Green Bay & M. Canal Co., 13 Wall. 166, 20 L.Ed. 557; United States v. Lynah, 188 U.S. 445, 23 S.Ct. 349, 47 L.Ed. 539, and United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746. They support the plaintiff's contention, and if followed would require that the defendant's motion be overruled.

The defendant includes in its authorities cited in support of its motion, Gibson v. United States, 166 U.S. 269, 17 S.Ct. 578, 41 L.Ed. 996; Bedford v. United States, 192 U.S. 217, 24 S.Ct. 238, 48 L.Ed. 414; Jackson v. United States, 230 U.S. 1, 33 S.Ct. 1011, 57 L.Ed. 1363; and Sanguinetti v. United States, 264 U.S. 146, 44 S.Ct. 264, 68 L.Ed. 608. In each of these cases the Supreme Court held there was no actual taking of the

plaintiff's property for which the United States was liable. These decisions may not be in conflict with the decisions relied upon by plaintiff in that the nature and character of the injury was different, as was pointed out by Judge Hamilton in his dissenting opinion in Franklin v. United States, 6 Cir., 101 F.2d 459, although Judge Simons in his concurring opinion in the same case takes the view that these cases present a direct conflict of authority on the question at issue. In any event, the Circuit Court of Appeals for this circuit held in the Franklin case, supra, that the wearing away and subsequent complete destruction of plaintiff's land over a period of time by reason of the current of the Mississippi River being changed and diverted against plaintiff's land on account of dikes placed in the river by the Government was not a taking of the plaintiff's property for which the United States was liable. The opinion in that case discussed the authorities relied upon by the plaintiff and declined to follow them. Instead, it followed the rulings of the Gibson, Bedford and Jackson cases, and in particular the ruling of the Supreme Court in John Horstmann Co. v. United States, 257 U.S. 138, 42 S.Ct. 58, 66 L.Ed. 171. In that case recovery was denied for the flooding of plaintiff's property caused by the construction of an irrigation project which resulted in raising the level of water in a lake by nineteen feet. The Supreme Court, after granting certiorari, affirmed the Franklin case by order entered November 13, 1939.

In my opinion there is a direct conflict between the cases relied upon by the plaintiff on the one hand and the Horstmann and Franklin cases on the other hand, without considering the other cases relied upon by the defendant which may or may not be distinguished. The ruling in the present case is accordingly controlled by the more recent decisions in the Horstmann and Franklin cases.

Plaintiff's attempt to distinguish the present case is not convincing. His contention that Salt River is a non-navigable stream is not sustained, even though the evidence showed that at times it was not navigable in fact. It was at other times navigable in fact, and accordingly is considered as a navigable river in law, which character is not lost by obstructions in its channel, low water, or discontinuance of commercial use. The Daniel Ball, 10 Wall. 557, 19 L.Ed. 999; Economy Light & Power Co. v. United States 256 U.S. 113, 41 S.Ct. 409, 65 L.Ed. 847. In addition, it has been assumed by the Supreme Court, without, however, deciding, that the owner of land on a non-navigable tributary of a navigable river has no greater rights than the owner of land on a navigable stream. United States v. Cress, supra.

Plaintiff's further contention that the gradual destruction of land down stream, as in the Franklin case, is different in law from the flooding of land upstream, as in the present case, because physical invasion exists in the latter and not in the former, is a distinction without a practical difference. In both cases the owner has permanently lost the use of his land; in both cases the land for all practical purposes has been "taken" from him by the action of the river. In the present case the flooding of plaintiff's land was not the immediate result of the erection of the dam. The immediate result was merely to stop the flow of the current in Salt River. This permitted débris and silt to accumulate and fill up the river channel, which after a period of time caused the river to overflow its original banks. This brings the case closely in line with both the Horstmann and Franklin cases where the ultimate taking was gradually rather than immediately accomplished.

Defendant's motion for judgment is sustained.